## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

EUGENE ZAZUCKI,

      Plaintiff,

v.                                                  Case No.  5:19-cv-415-TKW/MJF

JEREMY HEAD and FRANK
MCKEITHEN,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

## I.    Background

On October 25, 2019, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, against two Defendants: Jeremy Head, an investigator for the Bay County Sherriff's office; and Frank McKeithen, Sheriff of Bay County, Florida.

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Plaintiff did not file his complaint or his motion for leave to proceed *in forma pauperis* on the respective forms approved for use by prisoners in the Northern District of Florida. Plaintiff also did not attach a six-month printout of his inmate account—or an institutional equivalent. Additionally, Plaintiff failed to submit a completed Prisoner Consent Form and Financial Certificate.

In light of these failures, on October 30, 2019, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice. The undersigned directed Plaintiff to resubmit his  motion with the completed paperwork or pay the $400.00 fee. (Doc. 4). The undersigned also ordered Plaintiff to complete a civil rights complaint form. The undersigned imposed a deadline of November 29, 2019 to comply. (*Id.*). The undersigned warned Plaintiff that failure to comply with that order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On December 9, 2019, the undersigned issued an order directing Plaintiff to show cause, if any, why he failed to comply with the court's order to pay the $400.00 fee or properly seek leave to proceed *in forma pauperis* and file an amended complaint. (Doc. 5). The undersigned imposed a deadline of January 9, 2020 to comply. (*Id.*). As of the date of this report and recommendation, Plaintiff has not paid the $400.00 fee, has not filed a completed motion for leave to proceed *in forma*

*pauperis*, has not filed an amended complaint, and has not explained his failure to comply with the undersigned's orders.

## II.    Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.    <u>Failure to Pay the Filing Fee</u>

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order.

N.D. Fla. Loc. R. 41.1. But before a court may dismiss an action for failure to pay the filing fee, the court must afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. (Doc. 4). The undersigned warned the Plaintiff that the failure to comply with the court's order likely would result in dismissal of this action. (*Id.*). The undersigned subsequently issued an order to show cause and provided Plaintiff thirty days to explain why he failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. (Doc. 5); *See Wilson*, 313 F.3d at 1320-21; *see also Thomas*, 745 F.3d at 312-13. In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee, seek leave to proceed *in forma pauperis,* or explain his failure to comply with the court's previous order likely would result in dismissal of this action. (Doc. 5). Despite these warnings and an opportunity to explain his failure to comply, Plaintiff has neither

explained his failure nor paid the filing fee. For this reason, this action should be dismissed without prejudice.

**B.    Failure to Comply with Two Court Orders**

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a

plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On October 30, 2019, the undersigned ordered Plaintiff to pay the filing fee or properly move for leave to proceed *in forma pauperis*. The undersigned provided Plaintiff approximately thirty days to comply. Thus, Plaintiff has failed to comply with that order since approximately November 29, 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.     the order issued on October 30, 2019; and

      b.     the order issued on December 9, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 5). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been

forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing

Plaintiff to comply. Insofar as he is already incarcerated, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III.   Conclusion

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that:

1.   This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

2.   The clerk of the court be directed to close the case file.

At Panama City, Florida, this <u>29th</u> day of January, 2020.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**